IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK,
as TRUSTEE for FIRST HORIZON
ALTERNATIVE MOTGAGE SECURITIES
TRUST 2004-AA7,

    Plaintiff,

v.                                                    Civ. No. 25-286 KK/GBW

FNU LNU, *The Unknown Spouse*
*of Eugene J. Bachicha, et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION CONCERNING PLAINTIFF'S RESPONSE TO REMOVAL

THIS MATTER comes before the Court on Plaintiff's Response to Notice of Removal. *Doc. 6*. Having reviewed the parties' briefing and being fully advised, the undersigned RECOMMENDS that the Court GRANT Plaintiff's motion to remand the matter to the District Court.

    I.       **FACTUAL AND PROCEDURAL BACKGROUND**

The undersigned takes his facts from the Complaint for Foreclosure, filed in state court between July and August of 2016,[1] and filed in federal court on March 19, 2025.

---

[1] There is a discrepancy in the record. According to the Notice of Removal (*doc. 1*), the complaint was filed in state court on or about July 29, 2016. According to Plaintiff's Response (*doc. 6*), the action was filed on August 28, 2016. According to *In re Jaramillo*, 2023 WL 2682272 (Bankr. D.N.M. Feb. 15, 2023),

1

*Docs. 1, 6*. On or about October 15, 2004, Defendants, Connie Young and Thomas Young and Robert M. Siqueiros and Eugene J. Bachica, signed an Adjustable-Rate Note ("Note") in the principal amount of $401,500.00, which was secured by a mortgage recorded on October 18, 2004. *Doc. 1-1* at 3. The mortgage burdened a lot at 215 Calle Roble, Santa Fe, New Mexico 87501 (the "Property"). *Id*. The defendants failed to make the required payments beginning in July 2011, and as such, Plaintiff, the Bank of Mellon, brought an action for foreclosure. *Id*. at 4.[2]

Mr. Richard Jaramillo, who removed this case to federal court, was an occupant of the property in question in the state court case and claims an interest by virtue of a real estate contract signed on October 4, 2004. *Doc. 6* at 2; *Doc. 13* at 12-18. He was served the summons and complaint in the state court action on or about August 4, 2016, under the name "Occupants of the Property." *Doc. 1-1* at 39-41. Mr. Jaramillo attempted to intervene in the state court case in February and May of 2019 but was denied for filing the motions to intervene in violation of an automatic stay. *Doc. 6* at 2; *Doc. 13* at 24-25. On April 4, 2022, the state court entered an *In Rem* Stipulated, Summary, and Default Judgment in the state court action. *Doc. 6* at 1. Mr. Jaramillo did not stipulate to the state court judgment. *Doc. 13* at 25. On April 14, 2022, Mr. Jaramillo

---

produced in the record as *Doc. 13* at 21-34, the state court action was filed on August 1, 2016. All these sources are referring to the same State Court Action known as Case No. D-101-CV-2016-01827.
[2] The 2016 complaint is the second foreclosure action brought by the Plaintiff. An initial foreclosure action was originally brought in 2012 (case no. D-101-CV-2012-03618). *Doc. 13* at 4. That case was consolidated with another complaint brought by Richard Jaramillo (case no. D-101-CV-2013-01175). *Id.* at 35. The 2012 foreclosure action was voluntarily dismissed by Plaintiff. *Id.* at 20.

2

renewed his motion to intervene which was also denied. *Doc. 13* at 25-26. Soon after, on June 21, 2022, Mr. Jaramillo filed for bankruptcy under Chapter 13. *Doc. 6* at 2. He filed again on December 5, 2023, but the petition was dismissed on January 28, 2025. *Id.* at 3. During the filings of the bankruptcies, the sale of the property was postponed or cancelled. *Id.* Finally, a sale of the property was held on March 19, 2025. *Id.* That same day, Mr. Jaramillo filed an expedited motion for the state court to set aside the judgment and removed the case to federal court. *Id.*

## II.     LEGAL STANDARD

### a. Pro Se Pleading Standard

Mr. Jaramillo is proceeding *pro se*. When a party proceeds *pro se*, a court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the [party]'s failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However, courts should not assume the role of advocate for a *pro se* litigant and "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994)

3

(citation omitted).  Additionally, "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### b. Law Regarding Removal and Remand

If a civil action filed in state court satisfies the requirements for original federal jurisdiction — meaning federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332 — the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  28 U.S.C. § 1446 governs the procedure for removal. "Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed."  *Thompson v. Intel Corp.*, 2012 WL 3860748, at *5 (D.N.M Aug. 27, 2012).  "[F]ailure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand."  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F. 3d 1072, 1077 (10th Cir. 1999) (internal quotations and citation omitted).

28 U.S.C. § 1446 provides that a party seeking removal to federal court shall file a notice of removal within thirty days from the date that the case qualifies for federal jurisdiction.  28 U.S.C § 1446(b); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). The Tenth Circuit has further elaborated that, for the thirty-day period to begin to run,

"this court requires clear and unequivocal notice from the pleading itself" that federal jurisdiction is available. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).

### III.   ANALYSIS

#### a.   Subject Matter Jurisdiction Does Not Support Removal

Mr. Jaramillo claims that he "timely filed a Notice of Removal" and primarily asserts diversity jurisdiction as the basis for federal jurisdiction under 28 U.S.C. § 1332. *Doc. 13* at 1; *see also doc. 1* at 2.  However, Mr. Jaramillo is a *pro se* litigant, and thus his pleadings should be held to a less stringent standard.  *Hall*, 935 F.2d at 1110.  It appears Mr. Jaramillo may be attempting to assert federal question jurisdiction as well as diversity jurisdiction.  He states that the removal was predicated not only on diversity, but "critically, on Plaintiff's… knowing depriv[ation] [of] Richard Jaramillo's constitutional rights under equal protection and due process rights under the Fifth and Fourteenth Amendments of the Constitution." *Doc.* 13 at 1.  While a federal court does have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, whether a case arises under a federal law is determined by the well-pleaded complaint rule, meaning that a federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1983)).  Here, Plaintiff's complaint is a foreclosure action that does not implicate federal

5

law. As such, even if Mr. Jaramillo is asserting federal question jurisdiction, none exists for this case.

### b. Even Assuming Diversity Jurisdiction, Mr. Jaramillo's Removal is Procedurally Deficient

As noted above, Mr. Jaramillo claims that he "timely filed a Notice of Removal" and asserts diversity jurisdiction as a basis for federal jurisdiction under 28 U.S.C. § 1332. *Doc. 13* at 1; *see also doc. 1* at 2. Mr. Jaramillo is a citizen of New Mexico and Plaintiff the Bank of Mellon is a corporation organized under the laws of New York with its principal place of business in New York and the amount in controversy at issue is over $75,000. *Doc. 1* at 2.

As an initial matter, the undersigned finds fault with this jurisdictional claim as a suit based in diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This restriction is commonly referred to as the "forum defendant rule." However, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Tenth Circuit case law states that non-compliance with the forum-defendant rule in § 1441(b) qualifies as "any defect" and therefore must be brought by the party opposing removal within 30 days or be waived. *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1094-95 (10th Cir.

2017).  Plaintiff here never raised Mr. Jaramillo's violation of the forum defendant rule and thus this defect is waived.

Nonetheless, Mr. Jaramillo's removal is still improper due to other procedural deficiencies which have been raised by Plaintiff.  The filings appear to state two mutually-exclusive positions regarding Mr. Jaramillo's legal status in the state court case: (1) that Mr. Jaramillo was properly served as "Unoccupied Occupants" of the property and was a party to the state court case and (2) that Mr. Jaramillo was not a party to the state court case at all because he was not allowed to intervene.  *Compare doc. 6* at 3 ("Richard Jaramillo aka Occupants of the property was made aware of the pending suit"), *and doc. 13* at 2 ("in a hearing in the State case, Plaintiff's Attorney states that Richard Jaramillo is 'Occupants to the Property' and was always a party in the State Case"), *with doc. 6* at 4 ("Richard Jaramillo is not a party in this case"), *and doc. 13* at 33 ("Creditor has offered no evidence…that the reason Debtor was not allowed to intervene…was because he was already a party").  However, regardless of if Mr. Jaramillo was a party to the state court case, this case merits remand.

### i. If Richard Jaramillo was a Party to the State Court Case, Removal is Untimely

The statute governing removal procedure provides that each defendant has thirty days after receiving the initial pleading or summons to file the notice of removal in a civil action.  28 U.S.C. §1446(b)(1).  The 30-day clock begins when the defendant receives a copy of the initial pleading setting forth the claim for relief upon which the

7

action or proceeding is based. *Id.* Service was effected on Mr. Jaramillo as "Occupants of the Property" in early August of 2016. *Doc. 1-1* at 39-41. Assuming that this was proper service that brought Mr. Jaramillo into the state court case as a party, he would have needed to remove the case by September of 2016. Instead, he filed for removal nine years after the state court case commenced. As such, the removal is untimely, and the case should be remanded.

Mr. Jaramillo alleges that Plaintiff engaged in "fraudulent actions and misrepresentations" when they left him off the docket of the 2016 case, naming him instead as "Occupant of the Property" in an attempt to "circumvent the law." *Doc. 13* at 1-2. 28 U.S.C. § 1446(c) requires removal within "1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). Although Jaramillo invokes fraud and bad faith, his statements are conclusory, and he has not argued that Plaintiff somehow prevented him from realizing the federal courts would have diversity jurisdiction. *See Fed. Nat'l Mortgage Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 1014 (D.N.M. 2016). As such, the bad faith exception in 28 U.S.C. § 1446(c) does not save Mr. Jaramillo's belated removal.

### ii. If Richard Jaramillo was Not a Party to the State Court Case, He May Not Remove

In the alternative, both parties allege that Mr. Jaramillo was in fact not a party to the underlying state action because he was not allowed to intervene. *Doc 6* at 4. Mr. Jaramillo himself argues that,

> the State Court Action did not identify Richard Jaramillo as a named defendant in the Caption of the State Court Action, and nothing in the State Court Action documents offered to the Federal Court reflect that Richard Jaramillo was made a party to the State Court Action- to date Richard Jaramillo still has not been identified as a party to the State Court Action… The Bank of New York Mellon et al, is barred from substitution of Richard Jaramillo as "Occupants of Property" by statute of limitation[s].

*Doc. 13* at 3-4.

However, if Mr. Jaramillo was not a party to the underlying state action, he is not allowed to remove the case to federal court. Only a defendant may remove a civil action from state court to federal court. 28 U.S.C. § 1441(a). A non-party, even one claiming to be a real party in interest, lacks the authority to institute removal proceedings. *Thomas & Wong Contractors v. BDV Investments, Inc.*, 2006 WL 8444201, at *2-3 (D.N.M. May 20, 2006); *see also Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) ("in the context of these removal provisions the term 'defendant' refers only to the party sued by the original plaintiff"); *Gay v. United Services Auto. Ass'n*, 2021 WL 2392425, at *3 n.15, n.17 (W.D. Okla. June 11, 2021) (collecting cases in which nonparties were ruled to not have the ability to remove a case). Assuming, as both parties argue,

9

that Mr. Jaramillo was not named as a defendant in the state court case, he had no ability to remove or participate in the removal of this case. Moreover, as explained above, even if Mr. Jaramillo was properly a defendant in the state court action, his removal would be untimely and thus merit remand.

IV.   CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Plaintiff's motion to remand this case to District Court.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**